## (December 20, 1945.)

ROBERT FRANKFIELD, Appellant, v. PAULINE Z. FRANKFIELD, Respondent, et al., Defendants.

*Per Curiam.* Plaintiff is seeking to recover the amount to which he claims to be entitled upon a dissolution of the corporation as provided in the contract of May 3, 1935, less the sum already paid to him. He states that though he should have received $250,000, defendant Frankfield forced him by threats to accept $20,000 for his stock.

The gravamen of the action is not the duress. It is the breach by defendant Frankfield of the contract dated May 3, 1935. Allegations in the complaint as to duress may well have been omitted. The cause of action is sufficient without such averments. By pleading the duress it is apparent that plaintiff is merely anticipating defenses. The complaint states a cause of action for money damages for breach of contract.

We have considered the other branches of defendant-respondent's motion which were not passed upon by the Special Term and it is our view that defendant-respondent is not entitled to the relief demanded. The order and the judgment, accordingly, should be reversed, with costs, and the motion denied, with leave to the defendant-respondent to answer within ten days after service of order with notice of entry thereof, on payment of said costs.

CALLAHAN, J. (dissenting). Treating the complaint as one for breach of contract rather than duress, it is clear that the only contract dated May 3, 1935, in which the parties to this appeal joined as contracting parties, was plaintiff's Exhibit " A ".

Even if we assume that it alleges a breach of that contract to plaintiff's damage, and that the facts which plaintiff pleads support a claim in his individual right rather than the right of the corporation of which the parties were stockholders, the complaint is nevertheless insufficient because it fails to allege facts constituting performance or due performance by plaintiff of Exhibit " A ".

The order should be affirmed, with leave to plaintiff to serve an amended complaint.

Martin, P. J., Townley, Dore and Cohn, JJ., concur in *Per Curiam* opinion; Callahan, J., dissents in opinion.

Judgment and order reversed, with costs, and the motion denied, with leave to the defendant-respondent to answer within ten days after service of order with notice of entry, on payment of said costs. [See 270 App. Div. 760.]